# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEWJERSEY

| | |
|---|---|
| CATHERINE KOLODZIEJ,<br>　　　　Plaintiff<br>　　v.<br><br>MARK G. SCHWARTZ, MD; BURLINGTON COUNTY ORTHOPEDIC SPECIALISTS, PA; JOHN DOE PHYSICIANS (1-10) fictitiously designated defendants; ABC PROFESSIONAL CORPORATIONS (1-10) fictitiously designated defendants; and DEF PROFESSIONAL ASSOCIATIONS (1-10) fictitiously designated defendants,<br><br>　　　　Defendant(s). | CIVIL ACTION NO.:<br><br>COMPLAINT AND JURY DEMAND |

## COMPLAINT – CIVIL ACTION

**I.　PARTIES**

1.　Plaintiff, CATHERINE KOLODZIEJ (hereinafter "Plaintiff"), is a citizen and resident of Arizona, residing at 1419 East Garfield Street, Phoenix, AZ 85006.

2.　Defendant MARK G. SCHWARTZ, MD, is a licensed physician of the State of New Jersey and holds himself out to the public as a specialist in Orthopedic Surgery. Defendant MARK G. SCHWARTZ, MD, maintains an office for the practice of medicine at 2059 Briggs Road, Suite 304, Mount Laurel, Burlington County, New Jersey 08054.

3.　Defendant, BURLINGTON COUNTY ORTHOPEDIC SPECIALISTS, P.A., is a Professional Association providing medical treatment to members of the public and maintaining a medical practice and principal place of business at 2059 Briggs Road, Suite 304, Mount Laurel, Burlington County, New Jersey 08054.

4. Defendant, MARK G. SCHWARTZ, MD, was at all relevant times the actual or ostensible employee, servant, and/or agent of the defendant, BURLINGTON COUNTY ORTHOPEDIC SPECIALISTS, P.A.

5. At all relevant times, the defendant, MARK G. SCHWARTZ, MD, acted within the scope of his employment and/or agency relationship with the defendant, BURLINGTON COUNTY ORTHOPEDIC SPECIALISTS, P.A.

6. Defendant, BURLINGTON COUNTY ORTHOPEDIC SPECIALISTS, P.A., in addition to being individually liable for their direct negligence, is vicariously liable for the tortious acts and omissions of the defendant, MARK G. SCHWARTZ, MD, which are the subject matter of the within Complaint.

7. Defendants ABC PROFESSIONAL CORPORATIONS (1-10) and Defendant A.B.C.- PROFESSIONAL ASSOCIATIONS (1-10) are business entities that are at present unknown to the Plaintiff, and which are fictitiously designated, and which provided negligent professional services to Plaintiff.

8. Defendants JOHN DOE PHYSICIANS (1-10) are physicians who are at present unknown to Plaintiff, who are thus fictitiously designated, and who provided negligent professional services to Plaintiff.

9. Defendants ABC PROFESSIONAL CORPORATIONS (1-10) and Defendant PROFESSIONAL ASSOCIATIONS (1-10) are business entities currently unknown to Plaintiff and thus are fictitiously designated and which provided negligent professional services to Plaintiff.

## II.    JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action under 28 U.S.C. §1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), and Plaintiff is a

citizen of a state that is different from the state in which the defendants are incorporated and have their principal place of business.

11. Venue in the District of New Jersey is proper because the medical care that gives rise to this cause of action occurred within this District.

12. None of the Defendants are citizens of, or have a principal place of business in, the state of Arizona.

### III. STATEMENT OF FACTS

13. Plaintiff repeats and reiterates the allegations of the preceding paragraphs as if set forth at length herein.

14. On or about August 8, 2015, Plaintiff sustained a displaced and fractured right clavicle when she fell from a bicycle. She sought treatment that same day at St. Elizabeth's Medical Center in Brighton, MA, where an X-Ray confirmed a fractured clavicle with a 1.5 cm. cranial displacement of the medial clavicular fragment. The accident occurred in Massachusetts, where Plaintiff attended college.

15. At all relevant times, plaintiff Catherine Kolodziej was under the care of the defendant Dr. Schwartz and all defendants directly and indirectly through their employees, servants, agents, and or apparent agents and other persons under the defendants' direct control or right of control.

16. At all relevant times, all defendants undertook to provide healthcare-related services, specifically surgical care to Plaintiff Catherine Kolodziej commencing on August 13, 2015.

17. On or about August 13, 2015, plaintiff Catherine Kolodziej presented to Defendant Dr. Schwartz at his offices at Defendant Burlington County Orthopedic Specialists, P.A. Dr.

Schwartz diagnosed a right displaced and shortened midshaft clavicle fracture. Dr. Schwartz recommended open reduction and internal fixation surgery (ORIF).

18. On or about August 14, 2015, Plaintiff Catherine Kolodziej was admitted to Virtua Memorial Hospital in New Jersey under the service of Dr. Schwartz to undergo surgery for her right clavicle fracture with a plate and screws, including a SYNTHES USA No. 42794 screw lock 2.7x28 MM SELF TAP.

19. At all relevant times, Dr. Schwartz was obligated to exercise the requisite skill and competence required of an orthopedic physician.

20. Following the surgery, as directed, Plaintiff Catherine Kolodziej returned to Dr. Schwartz for four scheduled post-operative visits between August 20, 2105, and November 25, 2015. At her last visit, Dr. Schwartz discharged the Plaintiff from his care without any restrictions.

21. Post-operatively, Plaintiff was not informed of any complications associated with the surgery or of any risk of vascular injury due to the procedure or the hardware that was implanted.

22. On or about September 28, 2020, Plaintiff presented to the Emergency Room of Mt. Auburn Hospital, Cambridge, Massachusetts, with a sudden onset of right arm pain, a swollen plethoric appearance of her right hand, and absent right radial pulse to palpation or Doppler. A right upper extremity CT angiogram (with contrast) confirmed a (right) brachial artery occlusion.

23. On or about September 28, 2020, Plaintiff underwent an emergent brachial artery cut down and thrombectomy to remove a right brachial, ulnar, and radial artery clot. Plaintiff was discharged the following day and prescribed a three-month regimen of Xarelto.

24. On or about February 18, 2021, Plaintiff again presented to the Auburn Hospital's Emergency Department, complaining of cramping, pain, and mild numbness and tingling in her

right shoulder, which progressed distally to her right forearm and hand. Capillary refill of the right hand was abnormal; her right wrist and hand felt cool to the touch and appeared swollen. Diagnostic studies conformed a right brachial artery occlusion and distal subclavian aneurysm, which was suspected to be the nidus of the thrombus. That same day, Plaintiff underwent a right thrombectomy/embolectomy. In the course of this surgery, surgeons confirmed a 12 mm fusiform aneurysm of the distal subclavian artery.

25. On or about February 23, 2021, Plaintiff returned to the Emergency Department of Mount Auburn Hospital with complaints of right upper extremity numbness, pallor/violaceous color change, and coolness. Due to Plaintiff's acute limb-threatening ischemia, she received an immediate evaluation, surgical consult, and anticoagulation with Heparin. Diagnostic studies, including CT angiograms with and without contrast, confirmed a recurrent thrombotic occlusion of the right brachial artery measuring 4 cm. in length. As a result, surgeons performed an emergent open repeat thrombectomy of the right brachial artery and a GSV graft bypass of the thrombosed and damaged brachial artery.

26. On or about March 10, 2021, Plaintiff consulted with a second set of vascular and orthopedic specialists at Massachusetts General Hospital, who confirmed the diagnosis of a subclavian aneurysm located behind her clavicle, which resulted in the development of thromboembolic disease.

27. On or about June 15, 2021, Plaintiff underwent surgery at Massachusetts General Hospital, including the following procedures:

- neurolysis and decompression of the right brachial plexus;
- right supraclavicular first rib resection and exploration;
- lysis and dissection of the right subclavian artery;
- right subclavian to axillary artery bypass with 6 mm ringed polytetrafluoroethylene (PTFE);
- ligation of the right subclavian artery aneurysm;

5

- right anterior and middle scalenectomy; and
- removal of the implanted clavicle hardware.

28. During the June 15, 2021 surgery, it was discovered by the operating vascular and orthopedic surgeons that the clavicle fixation screws – implanted by Dr. Schwartz – unnecessarily extended well through and beyond the posterior cortex of the clavicle and were immediately adjacent to the lateral aspect of the right subclavian artery in the area around the pseudoaneurysm. As a result, the orthopedic surgeon removed the plate and screws from the prior ORIF, in an effort to relieve their impingement upon the vascular structures.

29. The oversized fixation screws negligently selected and implanted by Dr. Schwartz injured and damaged the underlying vascular structures and led to the development of vascular injuries, including a pseudoaneurysm of the subclavian artery and right brachial artery resulting in the complications and surgeries enumerated herein.

30. Plaintiff did not discover, nor could she have reasonably been expected to discover, that the screws had been improperly sized and positioned and were the cause of her vascular injuries until a date within two years of the filing of this Complaint.

## PROFESSIONAL NEGLIGENCE
## COUNT ONE
## CATHERINE KOLODZIEJ v ALL DEFENDANTS

31. Plaintiff repeats and reiterates the allegations of the preceding paragraphs as set forth at length herein.

32. Defendant Dr. Schwartz negligently performed the ORIF surgery when he used unnecessarily oversized fixation screw(s) that extended well through the clavicle, placing the nearby vascular structures at unnecessary and unreasonable risk of injury.

33. As a direct result of Dr. Schwartz's negligence, Plaintiff suffered vascular injuries, including but not limited to a pseudoaneurysm of the subclavian and brachial arteries, resulting in thromboembolic disease that required multiple limb-saving surgeries.

34. Plaintiff's injuries and damages were directly caused by Dr. Schwartz's negligence when he implanted oversized hardware (fixation screws) without regard to their proximity to vital vascular structures in a manner that deviated from the accepted standard of care.

35. Defendant Dr. Schwartz deviated from the accepted standard of care when performing the surgery on Plaintiff.

36. Defendant Dr. Schwartz further negligently failed to appreciate the risk he created using the oversized screws, and failed to advise Plaintiff of this risk such that she could have received timely treatment and care that would have lessened the extent of her injuries and suffering.

37. Defendants' negligence caused and/or increased the risk of harm to Plaintiff of developing blood clots and ischemia of her right arm.

38. Defendant Dr. Schwartz knew or, in the exercise of reasonable care, should have known that oversized screw(s) or misplaced screws could cause injury to vital vascular arteries and structures that lay beneath the clavicle.

39. Plaintiff did not discover the true cause of her vascular injuries before 2021.

40. As a direct result of Dr. Schwartz's negligence and carelessness, Plaintiff sustained vascular injuries, which required multiple and extensive surgeries, all to her detriment and loss.

41. As a direct result of Dr. Schwartz's negligence, the Plaintiff is at increased risk of harm for the development of further complications in the future and the need for additional surgeries, all to her detriment and loss.

42. As a direct result of Dr. Schwartz's negligence, Plaintiff has incurred medical expenses to treat the injuries she suffered and may be required to expend money for additional medical treatment, all to her detriment and loss.

43. As a direct result of Dr. Schwartz's negligence, Plaintiff sustained a loss of earnings and may in the future suffer a loss of earning capacity to her great detriment and loss.

44. The full extent of Plaintiff's injuries and damages is not yet known.

45. At all relevant times, Plaintiff acted with due care.

46. Defendants failed to exercise that degree of skill, diligence, and care and, failed to treat Plaintiff properly and failed to apprise the Plaintiff of the risks and options available to her in connection with the services rendered, failed to act as prudent, skillful, and careful medical doctors in connection with the services provided to the Plaintiff.

47. During the course of treating Plaintiff and in connection with the medical services provided to her, Dr. Schwartz and the Defendants negligently and carelessly failed to exercise ordinary care, failed to exercise that degree of skill, diligence, and care commonly exercised by other doctors in like circumstances giving due regard to the existing state of knowledge in medicine.

48. Defendant Dr. Schwartz failed to act as a prudent, skillful, and careful medical doctor in connection with the services provided to Plaintiff in the surgery of August 15, 2015.

49. Annexed to this Complaint as "Exhibit A" is the Affidavit of Merit of Orthopedic Surgeon John Robert Corsetti, M.D.

Wherefore, Plaintiff Catherine Kolodziej demands judgment for damages against the defendants individually, jointly, and severally, together with interest and costs of suit.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues.

          FELDMAN SHEPHERD WOHLGELERNTER
          TANNER WEINSTOCK & DODIG, LLP

          /S/ EZRA WOHLGELERNTER
          BY: EZRA WOHLGELERNTER
          ATTORNEYS FOR PLAINTIFF
          1845 Walnut Street, 21st Floor
          Philadelphia, PA 19103
          (215) 567-8300
          Ezra@feldmanshepherd.com

Date:  September 21, 2022